RENDERED:  OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0002-MR

JEWEL[1] HALL                                                APPELLANT

                        APPEAL FROM MCCRACKEN CIRCUIT COURT
v.              HONORABLE TIMOTHY KALTENBACH, JUDGE
                          ACTION NO. 19-CR-00563

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

COMBS, JUDGE:  Appellant, Jewel Hall (Hall), appeals from an Order denying

his CR[2] 60.02 motion.  After our review, we affirm.

---

[1] The appellant's name is spelled alternatively as "Jewell" or "Jewel" in the record.  We choose to utilize the spelling contained in appellant's handwritten filings in the record below.

[2] Kentucky Rules of Civil Procedure.

A McCracken County jury found Hall guilty of possession of a handgun by a convicted felon and sentenced him to seven years. The underlying facts are summarized in this Court's Opinion rendered in Hall's direct appeal:

On May 10, 2019, Paducah Police Department Officer Justin Canup ("Canup") was on patrol. At approximately 6:00 a.m., Canup was dispatched to respond to a report of a black SUV being stationary in the middle of a street with the lights on and the engine running. According to a citizen report, the SUV was impeding traffic flow and had been idling there for at least two hours.

When Canup arrived on the scene, he parked behind a work van which had parked behind the black SUV, ostensibly because the van could not proceed down the street due to the SUV blocking the road. Canup, without activating his emergency lights, parked his cruiser behind the van and got out. He walked around the rear of the work van and as he did so, the brake lights on the SUV engaged and the SUV pulled away. The SUV had tinted windows, so Canup had been unable to determine if anyone was inside prior to it pulling away.

Canup got back in his cruiser and followed the SUV. The SUV pulled into the parking lot of a nearby apartment complex and Canup pulled up behind the SUV with his lights now engaged. The Appellant, Jewell Hall ("Hall"), alit from the driver's side of the vehicle with his hands above his head. He followed Canup's instructions to walk backwards towards Canup, with his arms raised. Hall complied when he was instructed to lift his t-shirt from his waist so Canup could ensure he had no weapon tucked in his waistband. When backup arrived, Hall was handcuffed and officers approached the SUV to ensure no one else was inside. They then determined that Hall had been alone in the vehicle.

Canup spoke with Hall. Hall admitted that he had been drinking the evening before and fell asleep, leaving the vehicle running in the street while waiting for a friend. Canup then conducted field sobriety tests and determined Hall was impaired. Hall was handcuffed and placed under arrest. The officers then searched the SUV and a handgun was found by police in the center console. Hall was charged with operating a motor vehicle while under the influence of alcohol or drugs, first offense, and possession of a handgun by a convicted felon.

Hall filed a motion to suppress, arguing that the stop of his vehicle and the search of his person were improper. Following a suppression hearing, his motion was denied. . . .

The charge of operating a motor while under the influence was later dismissed. Hall was tried by a jury on the remaining handgun charge and was found guilty and was sentenced to a term of imprisonment of seven (7) years.

*Hall v. Commonwealth*, No. 2020-CA-1615-MR, 2022 WL 982043, at *1-2 (Ky. App. Apr. 1, 2022) (footnotes omitted). In his first appeal, Hall argued that the trial court erred in denying his motion to suppress because the stop of his vehicle was improper. This Court affirmed the trial court, explaining as follows:

Canup was responding to the report of a car idling for a couple of hours while parked, blocking a city street. During the initial response he observed that there was no license plate in the rear frame. When added to the citizen pulling away as the officer approached the vehicle on foot, while not rising to the level of the criminal offense of fleeing or evading police, [it] is sufficient to form reasonable suspicion to effectuate a stop. The trial court's findings were not clearly erroneous . . . .

-3-

*Id.* at \*3 (footnote omitted). We also observed that "Canup's testimony at the suppression hearing was not contested by Hall and formed a solid basis for the trial court's findings." *Id.* at n.5.

At some point not apparent from the record before us, Hall filed three motions: a motion to recuse the trial judge, a motion to vacate his conviction pursuant to RCr[3] 11.42 based on ineffectiveness of counsel, and a CR 60.02 motion also seeking disqualification of the trial judge. Hall appealed the trial court's denial of those three motions. In that (prior) appeal, *Hall v. Commonwealth*, No. 2022-CA-0310-MR, 2023 WL 2052296 (Ky. App. Feb. 17, 2023), this Court affirmed the denial of Hall's motion to recuse and the denial of Hall's CR 60.02 motion, but we reversed the denial of Hall's RCr 11.42[4] motion, remanding the matter to the trial court to address the merits.

On September 27, 2022, Hall, *pro se*, filed another motion in the McCracken Circuit Court, captioned "Motion Pursuant to CR 60.02(f)/Writ of Coram Nobis From Indictment No. 19-CR-00563[.]" That motion is the subject of this appeal. Hall argued that when Officer Canup stopped his vehicle, the video footage showed that the tags in his rear-window were visible as did some "newly-

---

[3] Kentucky Rules of Criminal Procedure.

[4] The trial court had dismissed Hall's RCr 11.42 motion as premature, because his conviction was not final when the motion was filed.

discovered" photographs on Hall's phone, which he thought were lost until recently. He argued that the videos and photos established that his temporary tag was visible in the rear window and that, therefore, Officer Canup had made an illegal stop. He claimed that the alleged illegal stop was "covered up" by the prosecutor and that "the prosecution knew the statements were false because they watched and submitted the videos that proves the statements are false."

By Order entered on November 1, 2022, the trial court denied Hall's motion as follows:

> Hall's motion again asserts that he was convicted because of an unconstitutional stop by . . . Officer Justin Canup. Hall challenged the stop in this Court and in the Court of Appeals. That issue was resolved in the Commonwealth's favor. Hall's CR 60.02 motion asserts that Officer Canup offered perjured testimony at the suppression hearing. Hall's motion asserts no new fact that would establish perjury or otherwise challenge the factual findings previously made by this Court.
>
> Hall appeals and asserts that the trial court improperly denied his motion.

> We review the denial of CR 60.02 motions for abuse of discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.
>
> . . . .
>
> . . . Relevantly, CR 60.02(e)-(f) provides that a court may relieve a movant from a judgment if it is void, or for

-5-

other reasons of an extraordinary nature. However, CR 60.02 is only for relief that is not available by direct appeal or under RCr 11.42. Moreover, a defendant is precluded from raising claims which were, or reasonably could have been, raised in prior proceedings.

*Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. App. 2021) (internal quotation marks and citations omitted).

As the Commonwealth notes, Hall's allegations are based upon "body-worn and dash-cam footage [which was] introduced at the 2020 suppression hearing . . . known to Hall long before he filed his second CR 60.02 motion." Clearly, Hall's claim is barred because it reasonably could have been raised in prior proceedings. We agree with the trial court that Hall's motion asserts no new fact, and we find no abuse of discretion.

Accordingly, we affirm the trial court's November 1, 2022, Order denying Hall's motion for CR 60.02 relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jewel Edwin Hall, *pro se*
Hopkinsville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky